UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| JHON ROBBIN LITTON, | ) | |
| --- | --- | --- |
| *Plaintiff*, | ) | |
| v. | ) | No.: 3:12-cv-258 |
| | ) | (VARLAN/GUYTON) |
| SHERIFF MIKE CROSS and SGT. STEVEN BARCLAY, | ) | |
| *Defendants*. | ) | |

### MEMORANDUM

This is a *pro se* prisoner's civil rights action pursuant to 42 U.S.C. § 1983. The matter is before the Court on the defendants' motion to dismiss. Plaintiff has not filed a response to the motion to dismiss and the Court deems plaintiff to have waived his opposition to the dispositive motion. *Elmore v. Evans*, 449 F. Supp. 2, 3 (E.D. Tenn. 1976), *aff'd mem.*, 577 F.2d 740 (6th Cir. 1978); E.D.TN. LR7.2. For the following reasons, the motion to dismiss [Doc. 12] will be **GRANTED** and this action will be **DISMISSED**. The defendants' renewed motions to dismiss [Docs. 15 and 17] will be **DENIED** as **MOOT**.

**I.     Standard of Review**

A motion to dismiss tests whether a claim has been adequately stated in the complaint. In considering a motion to dismiss, all well-pleaded allegations in the complaint must be regarded as true and all factual allegations must be construed in favor of the plaintiff. *Scheuer v. Rhodes*, 416 U.S. 232, 236-37 (1974); *Collins v. Nagle*, 892 F.2d 489, 493 (6th

Cir. 1989). Nevertheless, "though a complaint must be construed in the light most favorable to the plaintiff when the defendant files a motion to dismiss, the complaint must still contain 'enough facts to state a claim to relief that is plausible on its face.'" *Brown v. Matauszak*, 415 F. App'x 608, 612 (6th Cir. 2011) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The *Twombly* standard applies to all civil actions filed in the U.S. district courts. *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1953 (2009).

> To survive a motion to dismiss, the complaint must allege grounds entitling plaintiff to relief, which requires "more than labels and conclusions [or] a formulaic recitation of the elements of a cause of action." The "[f]actual allegations must be enough to raise a right to relief above the speculative level."

*Casden v. Burns*, 306 F. App'x 966, 973 (6th Cir. 2009) (quoting *Twombly*, 550 U.S. at 555) (footnote omitted).

**II.    Factual Background**

Plaintiff brought this action based upon an incident that occurred at the Scott County Detention Facility in Huntsville, Tennessee; plaintiff is no longer in custody. The defendants are Scott County Sheriff Mike Cross and Sgt. Steven Barclay. Plaintiff alleges that upon his arrest and incarceration in the Scott County Detention Facility, he informed defendant Cross that he had an incompatible with inmate James York and that he should not he housed in general population. Over plaintiff's objection, he was placed in general population where he had an altercation with Inmate Joey McCann. After that incident, plaintiff was placed in protective custody in an isolation cell.

Plaintiff alleges that approximately one week later he asked to use the telephone and was told by defendant Barclay that the only available telephone was in C-Pod. Plaintiff informed defendant Barclay that he could not go into C-Pod because both Joey McCann and James York were housed there. Plaintiff claims he was assured by defendant Barclay that those two inmates were secure in their cells and plaintiff would be safe.

Plaintiff alleges he was escorted to C-Pod by another officer. After using the telephone and while plaintiff waiting for the other officer, inmate McCann was able to reach out of his cell and assault plaintiff to the point of unconsciousness. Plaintiff claims he was taken to the emergency room where he was diagnosed with head trauma and optical damage.

## III. Discussion

In order to state a claim under 42 U.S.C. § 1983, plaintiff must establish that he was deprived of a federal right by a person acting under color of state law. *Black v. Barberton Citizens Hospital*, 134 F.3d 1265, 1267 (6th Cir. 1998); *O'Brien v. City of Grand Rapids*, 23 F.3d 990, 995 (6th Cir. 1994); *Russo v. City of Cincinnati*, 953 F.2d 1036, 1042 (6th Cir. 1992). *See also Braley v. City of Pontiac*, 906 F.2d 220, 223 (6th Cir. 1990) ("Section 1983 does not itself create any constitutional rights; it creates a right of action for the vindication of constitutional guarantees found elsewhere.").

As the defendants first point out, plaintiff did not state in his complaint whether the defendants have been sued in their official capacity or their individual capacity. Accordingly, the Court must presume that the defendants have been sued in their official capacity only. *Wells v. Brown*, 891 F.2d 591 (6th Cir. 1989).

> Generally, plaintiffs must designate in which capacity they are suing defendants; if not, by operation of law, defendants are deemed sued in their official capacities. Suing a public official in his official capacity for acts performed within the scope of his authority is equivalent to suing the governmental entity.

*Soper v. Hoben*, 195 F.3d 845, 853 (6th Cir. 1999) (internal citations omitted).

Because the defendants have been sued only in their official capacity as Scott County officers, the Court must proceed as if plaintiff has in fact sued Scott County, Tennessee. *Kentucky v. Graham*, 473 U.S. 159, 165 (1985); *Brandon v. Holt*, 469 U.S. 464, 471 (1985); *Monell v. Department of Social Services of City of New York*, 463 U.S. 658, 690 n.55 (1978). Given that, in order to prevail plaintiff must demonstrate that the alleged violation of his constitutional rights resulted from acts representing official policy or custom adopted by Scott County, Tennessee. *Monell*, 463 U.S. at 690-91; *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1245-46 (6th Cir. 1989). Plaintiff did not allege, however, that the violation of his rights was the result of any policy or custom on the part of Scott County and his complaint thus fails to state a claim for relief.

In any event, plaintiff's only allegation against Sheriff Cross is that plaintiff told the defendant that he should not be housed in general population but was placed there anyway. Such an allegation, without more, does not state claim under § 1983. To the extent plaintiff seeks to hold defendant Cross liable by virtue of his supervisory authority, such a claim fails. In a suit brought under § 1983, liability cannot be imposed solely on the basis of respondeat superior. *Polk County v. Dodson*, 454 U.S. 312, 325 (1981); *Bellamy v. Bradley*, 729 F.2d 416, 421 (6th Cir. 1984). "[L]iability cannot be based solely on the right to control

employees." *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1246 (6th Cir. 1989). Likewise, a supervisor cannot be held liable for a mere failure to act. *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002) ("Supervisory liability under § 1983 does not attach when it is premised on a mere failure to act; it 'must be based on active unconstitutional behavior.'") (quoting *Bass v. Robinson*, 167 F.3d 1041, 1048 (6th Cir. 1999)).

Likewise, plaintiff's only allegations against Sgt. Barclay is that Sgt. Barclay told plaintiff to use the telephone in C-Pod and that he would be safe. An officer other than Sgt. Barclay actually escorted plaintiff to the housing pod to use the telephone. These allegations fail to state a claim for relief under § 1983 against defendant Barclay.

Based upon the foregoing, plaintiff's complaint fails to state claim against the defendants. The motion to dismiss is well-taken and it will be **GRANTED**.

## IV. Conclusion

The defendants' motion to dismiss will be **GRANTED** and this action will be **DISMISSED**. Defendants' renewed motions to dismiss will be **DENIED** as **MOOT**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. *See* Rule 24 of the Federal Rules of Appellate Procedure.

**AN APPROPRIATE ORDER WILL ENTER.**

s/ Thomas A. Varlan
CHIEF UNITED STATES DISTRICT JUDGE